UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY CULVER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAYAKRISHNAN NAIR; CHANELLE HOLLIS,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00875-CDS-EJY<br><br>**Order Granting Plaintiff's Motion to Dismiss**<br><br>(ECF No. 3) |

　　　This case constitutes the third time Defendants Jayakrishnan Nair and Chanelle Hollis, residents of the State of Washington, have tried to remove eviction proceedings brought against them in Washington state court by Plaintiff Gary Culver, also a resident of the State of Washington. The first two removal efforts in the District of Washington were denied. For the reasons below, this third removal effort is also improper and Plaintiff's Motion to Dismiss (ECF No. 3) is GRANTED.

I.　　Relevant Background Information

　　　On Jul. 8, 2021, Culver filed a complaint for unlawful detainer, seeking to eject Nair and Defendant Jane Doe from two single-family residences he owns in Redmond, Washington. ECF No. 1, Ex. 1 at 1. Jurisdiction and venue were proper in King County, Washington. *See generally* ECF No. 3, Ex. 1. Culver alleges that Nair claimed to reside at the properties during Washington's statewide eviction moratorium caused by the COVID-19 pandemic. *Id.* at 2. However, after Culver was notified that the properties were in disrepair and that Nair was

subleasing out bedrooms at both properties through Airbnb, Culver filed the complaint. *Id.* Defendant, proceeding *pro se*, attempted to remove the ejection action to the United States District Court for the Western District of Washington. *Id.* at 2.

The Honorable Ricardo S. Martinez, Chief United States District Judge for the Western District of Washington, adopted Magistrate Judge Michelle L. Peterson's Report and Recommendation finding that the Court lacked subject matter jurisdiction and remanded the case back to King County Superior Court. *Culver v. Nair*, 2021 WL 5881696, at *2-3 (W.D. Wash. Dec. 13, 2021). Nair attempted to remove the action a second time to United States District Court for the Western District of Washington, where the Honorable John H. Chun again remanded the case back to state court. ECF No. 3, Ex. 3 ("Neither federal question jurisdiction…nor diversity jurisdiction…appears to exist in this matter.").

Now, Nair hopes that third time's a charm and seeks to remove the same case to this Court. ECF No. 1. He alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* He also asserts that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441. *Id.* His claim of federal question jurisdiction appears to be premised on essentially a § 1983 action against unnamed King County Superior Court judges: first, he asserts that King County Superior Court in Washington State is "a RICO." *Id.* Second, he asserts a "48 U.S.C. § 1983"[1] claim because his constitutional due process rights are being denied. *Id.*

On June 16, 2022, Plaintiff Culver filed a motion to dismiss. ECF No. 3. A response to the motion was due on or before June 27, 2022. Defendant failed to respond. While Local Rule 7-2[2] allows this court to grant Plaintiff's motion for Defendants' failure to respond, the Court need

---

[1] The Court liberally construes this citation as a typographical error. It appears Defendant Nair intends to cite to 42 U.S.C. § 1983.

[2] Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

not dismiss for the technicality.[3] Instead, the Court addresses and grants Plaintiff's motion to dismiss on the merits.

## II. Discussion

### i. *This Court Lacks Jurisdiction to Adjudicate Nair's Claims*

As a threshold matter, this Court has no jurisdiction over this action. There is no federal question jurisdiction over the underlying litigation. United States District Courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law only if the federal question appears on the face of the complaint. This action involves an eviction proceeding brought under Washington state law. *See generally* ECF No. 1, Ex. 1.

This Court also does not have diversity jurisdiction over the underlying litigation. A federal court's diversity jurisdiction extends "to all civil actions where the matter in controversy exceeds … $75,000 … and is between … [c]itizens of different States." 28 U.S.C. § 1332(a)(1). This action involves two residents of Washington state. ECF No. 1, Ex. 1; *see also Culver*, 2021 WL 5881696, at *1-3.

Finally, this Court does not have removal jurisdiction. A defendant may remove a civil action from state court to federal court *if* original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a) (emphasis added). Removal in this action is not proper because this Court did not have original jurisdiction over the case.

### ii. *Even if Jurisdiction Were Proper, Nair's 42 U.S.C. § 1983 Claim is Not Cognizable by this Court*

*Pro se* filings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed…"). Interpreting the claims raised by Nair, a *pro*

---

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (stating that failure to comply with a district court's local rules is a proper ground for dismissal).

*se* litigant, in the light most favorable to him, this Court cannot resolve the pleading deficiencies in Nair's § 1983 claim against King County Superior Court. First, Nair pleads no defendants against whom he asserts these § 1983 claims. ECF No. 1. Second, few doctrines are more solidly established than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (holding that the absolute immunity traditionally accorded judges was preserved under § 1983). Based on the information before the Court, Nair's § 1983 claim cannot defeat the presumption of immunity given to the judges of King County Superior Court and it has no legal merit.

### III. Conclusion

For the foregoing reasons, Plaintiff Gary Culver's Motion to Dismiss (ECF No. 3) is GRANTED.

This case is to be REMANDED to King County Superior Court for all further proceedings.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this July 6, 2022.

_____
Cristina D. Silva
United States District Judge